IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**MITCHAEL L. MOORE**,

Plaintiff,

vs.

**COMMISSIONER SOCIAL SECURITY ADMINISTRATION**,

Defendant.

Civil Case No. 09-6034-KI

OPINION AND ORDER

Drew L. Johnson
1700 Valley River Drive
Eugene, Oregon  97405

Linda S. Ziskin
Ziskin Law Office
P.O. Box 2237
Lake Oswego, Oregon  97035

    Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Dwight C. Holton
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

David J. Burdett
Gerald J. Hill
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075

       Attorneys for Defendant

KING, Judge:

On August 9, 2010, the court entered an Opinion and Order reversing the Commissioner's decision and remanding for the payment of benefits. (Doc. # 36) On September 7, 2010, the Commissioner filed a motion under Rule 59(e) of the Federal Rules of Civil Procedure for an order altering or amending the Opinion and Order, and for entry of an amended judgment reversing the Commissioner's decision and remanding for further administrative proceedings.

## STANDARD

Under Rule 59(e), it is appropriate to alter or amend a judgment if 1) the court is presented with newly discovered evidence; 2) the court committed clear error or made an initial decision that was manifestly unjust; or 3) there is an intervening change in controlling law. United Nat. Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 780 (9th Cir. 2009).

## DISCUSSION

The Commissioner asserts that the court committed clear error by concluding that 1) the ALJ erred in relying on the VE's analysis, which isolated claimant's light duties from his previous position, even though the position as performed by claimant included heavy work;  2) the ALJ erred in failing to give reasons germane to each lay witness for rejecting his or her testimony and that the ALJ's errors were not harmless;  3)  if the evidence of the claimant's physical and cognitive impairments were properly credited, the ALJ would have been required to find the claimant disabled; and 4)  remand for further development of the record was inappropriate because the case had already been too long delayed.  It is noteworthy that the Commissioner concedes the ALJ's decision should be reversed.  The only relief the Commissioner seeks is a remand for additional  testimony from a vocational expert.

The court has reviewed the Opinion and Order and is unpersuaded that it committed clear legal error.  But even assuming that it had, the relief the Commissioner seeks does not affect the evaluation of the lay witness testimony or the ALJ's failure to consider cognitive impairments. The court adheres to its conclusion that the ALJ erred in allowing the vocational expert to define the claimant's previous work based on the least exertionally demanding component, see Valencia v. Heckler, 751 F.2d 1082, 1087 (9th Cir. 1985) and its decision to remand the case for an award of benefits.

///


///

The Commissioner's motion to alter or amend the judgment (doc. # 38) is DENIED.

IT IS SO ORDERED.

Dated this         8th         day of February, 2011.

                                                   /s/ Garr M. King
                                                   Garr M. King
                                                   United States District Judge