IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**MITCHAEL L. MOORE**,

          Plaintiff,

vs.

**COMMISSIONER SOCIAL SECURITY ADMINISTRATION**,

          Defendant.

3:09-cv-06034-KI

OPINION AND ORDER

    Drew L. Johnson
    Drew L. Johnson, P.C.
    1700 Valley River Drive
    Eugene, Oregon   97405

    Linda S. Ziskin
    Ziskin Law Office
    P.O. Box 2237
    Lake Oswego, Oregon   97035

        Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Dwight C. Holton
United States Attorney
District of Oregon
Adrian L. Brown
U.S. Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, Oregon  97204

David J. Burdett
Gerald J. Hill
Stephanie R. Martz
Terrye Erin Shea
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075

    Attorneys for Defendant

KING, Judge:

The matter before the court is Mitchael Moore's request for attorney's fees pursuant to the Equal Access to Judgment Act, 28 U.S.C. § 2412 ("EAJA"), in the amount of $10,904.30 (doc. # 45).  The Commissioner opposes the motion on the ground that the attorney time expended on the case, 62.5 hours, is unreasonable; however, the Commissioner does not oppose an award of reasonable attorney's fees under EAJA.

The court has discretion in determining the reasonableness of a fee award. Rodriguez v. United States, 542 F.3d 704, 709 (9th Cir. 2008); Thompson v. Astrue, 2011 WL 1694513 *4 (D. Or. Apr. 8, 2011).  In Harden v. Commissioner, 497 F. Supp.2d 1214, 1215 (D. Or. 2007), Judge Mosman observed that "[t]here is some consensus among the district courts that 20-40 hours is a reasonable amount of time to spend on a Social Security case that does not present particular difficulty." (Citing cases). Judge Mosman held that absent unusual circumstances or complexity,

"this range provides an accurate framework for measuring whether the amount of time counsel spent is reasonable." Id. at 1216.  The standard hourly rate under EAJA is set by statute in the amount of $125.00 per hour, adjusted by the change in the Consumer Price Index for urban consumers ("CPI-U"), available at http://www.bls.gov/cpi for the years in which the work was performed, divided by 155.7, the CPI-U for March 1996)  ($125 statutory rate x (CPI-U) / 155.7). Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005);  Thompson at *4.  The adjusted hourly rates are $172.24 for 2009; $175.06 for 2010 and $180.56 for 2011.  See tables available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (rates for 2009 and 2010) and http://www.bls.gov/news.release/cpi/cpid1104.pdf). (most recent reported CPI-U for 2011). However, plaintiff requests compensation at the 2010 rate for the 3.4 hours expended in 2011.

The Commissioner objects to 1.4 hours, on the ground that the itemization of attorney time attached to the motion as Exhibit A shows 61.1 hours expended on the litigation, while the request is for 62.5 hours.  The government is correct.  The itemized billing shows 13.1 hours expended in 2009, but when the entries are added, they total only 11.7 hours.  The court disallows 1.4 hours from 2009.

The Commissioner objects to the expenditure of 5.5 hours communicating with the claimant in this case, and suggests that 1.5 hours is reasonable.  Neither the Commissioner nor the court is in a position to estimate a reasonable time for communications between attorney and client.  Consequently, I refuse the Commissioner's request to disallow 4.0 hours of this time.

The Commissioner objects to the expenditure of 0.4 hours in 2009 and 2.6 hours in 2010 and 2011 communicating to or with co-counsel, arguing that the government should not have to pay fees resulting from plaintiff's decision to employ two attorneys to handle the case.  Plaintiff

Page 3 - OPINION AND ORDER

argues that the conferences are billed at a single attorney rate and should not be disallowed because attorney Linda Ziskin is a contract attorney who handles only the appellate portion of the work.  In view of the circumstances, the court does not find it unreasonable that the attorney handling all other aspects of the case should spend time communicating with the attorney handling only the appellate portion of the case.  However, a total of 3.0 hours for attorney-to-attorney communications is not reasonable because nearly all the information required by the appellate attorney is in the record.  The court disallows .75 hours in 2010 and .75 hours in 2011.

The Commissioner objects to the expenditure of 0.7 hours of attorney time for the clerical task of downloading documents, arguing that such entries are not subject to payment as attorney fees under the EAJA.  I agree.  Missouri v. Jenkins, 491 U.S. 274, 288 n. 10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer] rate, regardless of who performs them . . . . [The] dollar value [of non-clerical work] is not enhanced just because a lawyer does it."), *quoted in* Costa v. Astrue, 2011 WL 221837 *3 (D. Or. Jan. 18, 2011).  The court disallows 0.7 hours for 2010.

The Commissioner objects to compensating plaintiff for counsel's expenditure of 3.2 hours in 2009 and 2010 related to six motions for extension of time to file documents, including time for counsel to review the court's orders on those motions.  I agree with the Commissioner's contention that the time spent on these motions was not spent on the litigation itself but to accommodate counsel.  The court disallows 1.8 hours in 2009 and 1.4 hours in 2010.

The Commissioner objects to the expenditure of 3.5 hours in 2010 related to unsuccessful efforts to settle the case.  The Commissioner concedes that it was reasonable to spend some time on settlement negotiations, but argues that the amount of time is excessive, particularly as the

Page 4 - OPINION AND ORDER

time is bundled into block billing entries.  For example, the March 18, 2010 time entry is for 1.20 hours identified as, "Discussions with OGC, lead counsel re: proposed RVR; Stipulation; series of e-mails and phone calls."  The entries for March 25 and 26, 2010, for the expenditure of .40 hours and .30 hours respectively, are identical: "Continuing discussion with OGC, lead counsel, client re: proposed remand; multiple e-mails and calls."  The entry for April 5, 2010 is for .30 hours spent on "E-mails with OGC, confer with lead counsel, discuss remand language."  When several different tasks are grouped and billed in one block of time, it is difficult for the court to determine how much time was spent on particular tasks.  *See, e.g.,* Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 947 (9th Cir. 2006); Taylor v. Albina Cmty. Bank, 2002 WL 31973738 *3 (D. Or. Oct. 2, 2002).  However, discrete but related tasks are compensable.  *Id.*  The court concludes that the challenged entries constitute discrete but related tasks, but concludes that the March 8 entry representing 1.2 hours is unreasonable.  The court disallows 0.7 hours in 2010 of that time.

      The Commissioner objects to entries showing the expenditure of 6.2 hours on the reply brief, which was less than four pages long.  I agree that 6.2 hours is excessive, and disallow 3.7 hours in 2010.

      The Commissioner also objects to 9.3 hours related to plaintiff's response to the Commissioner's motion to amend (doc. # 43), arguing that plaintiff filed a response of fewer than three pages, containing slightly more than one page of argument.  The amount of time expended on this effort was unreasonable.  The court disallows 6.3 hours in 2010.

The court concludes that plaintiff is entitled to attorney's fees under EAJA for 9.9 hours at the 2009 rate of $172.24, and 35.1 hours at the 2010 rate of $175.06, for a total fee award of $7,849.78.

IT IS SO ORDERED.

Dated this        16th        day of June, 2011.

                                    /s/ Garr M. King
                                    Garr M. King
                                    United States District Judge